CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 3 2007

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONELL J. BLOUNT, SR., ) | |
|     Plaintiff, ) | Civil Action No. 7:07cv00311 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C.O. MILGRUM, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

Plaintiff Donell J. Blount, Jr., a Virginia inmate proceeding pro se, has filed this action, which the court construes as an action pursuant to 42 U.S.C. § 1983.[1] Blount alleges that the defendants violated his federal constitutional rights on June 12, 2007. According to Blount, defendants failed to provide him with sweetener for his breakfast cereal; refused to give him an emergency grievance form to address the failure to provide the sweeteners within "approximately 45 min[utes]" after delivering his breakfast tray; and, when delivering the sweeteners to Blount "at approximately 0713 a.m.," "violently slammed the trayslot and box [through which items are conveyed to prisoners in the Segregated Housing Unit] on [plaintiff's] arm."[2] Additionally, plaintiff alleges that, in retaliation against him for filing a grievance regarding the alleged assault on plaintiff through the trayslot, defendants gave him "a loaf meal" for lunch on June 12, 2007; according to plaintiff, "the loaf makes [him] vomit blood," "causes extreme pain in [his] stomach, throat[,] and head," "violates [his] right to only eat kosher food," and "aggravates . . . [his] gastroesophageal reflux disease (acid reflux)."

---

[1] A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). In this case, plaintiff has filed a "Memorandum of Law" and an "Order to Show Cause for a Preliminary Injunction/Temporary Restraining Order." The events of which plaintiff complains must be addressed through the prison grievance system before a district court can entertain a claim arising from them, and plaintiff concedes he has not exhausted the remedies available through the prison grievance system. Accordingly, the court will file the complaint as a civil rights complaint pursuant to 42 U.S.C. § 1983 for administrative purposes only, and will dismiss the complaint for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 1997(e)(a).

[2] Plaintiff states that he was given an emergency grievance form "about 0907 a.m." and that, in the grievance form, which he acknowledges was "receipted and processed," he "explained how Milgrum and Church assaulted [him] and threatened to break [his] arm." He adds that "at about 0815 a.m. Nurse Rudd examined [his] arm."

1

The instant complaint was signed and dated June 12, 2007. Plaintiff admits that at the time he filed the instant suit he had not fully exhausted all available administrative relief through the institutional grievance procedure.[3] Accordingly, because Blount did not exhaust his administrative remedies before filing this action, the court finds that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a). Furthermore, plaintiff's request for a preliminary injunction will be denied.

## I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit)). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005).

Given that the events plaintiff alleges violated his rights occurred on June 12, 2007, the same date upon which he signed and dated the instant complaint, it is clear that, although plaintiff may have initiated the administrative remedies procedure on that date, plaintiff could not have exhausted all available administrative remedies before filing his complaint. Thus, the court will dismiss the claims pursuant to §1997e(a).

---

[3] Plaintiff alleges that he was denied emergency grievance forms for forty-five minutes after his request; however, as previously noted, he acknowledges that the emergency grievance forms were delivered to him shortly thereafter, and were "receipted and processed."

## II. Injunctive Relief

Plaintiff requests injunctive relief prohibiting defendants "from falsifying disciplinary charges against the plaintiff . . . [for] the sole purpose of removing Blount from the common fare diet and placing him on a loaf meal that is known by officials to make Blount extremely sick and violates Blount's rights to free exercise of his religion . . . ."

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff filed the instant complaint and request for injunctive relief on June 12, 2007, the same date upon which the events at issue in the complaint arise; accordingly, as the court has already observed, plaintiff has not exhausted all available administrative remedies. The harm plaintiff alleges arises from disciplinary charges that have not been subjected to the scrutiny of the prison's grievance system prior to the filing of the complaint. Accordingly, the harm plaintiff alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Plaintiff's allegations, even if proven, do not satisfy the "balance of hardships" test. Thus, plaintiff's request for injunctive relief will be denied.[4]

### III. Conclusion

For the foregoing reasons, plaintiff's complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, and plaintiff's request for injunctive relief will be denied.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 3rd day of July, 2007.

_____
United States District Judge

---

[4] Insofar as plaintiff's request for injunctive relief includes a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.